# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-32 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| ROBERT KENNETH MOORE, | |
| Defendant. | |

Laura M. Provinzino, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Robert Kenneth Moore, Reg. No. 16200-041, U.S.P. Terre Haute, P.O. Box 33, Terre Haute, IN 47808, *pro se*.

Defendant Robert Kenneth Moore is currently serving a 112-month term of imprisonment for bank robbery. Moore now brings a 28 U.S.C. § 2255 motion challenging his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because the Supreme Court recently decided *Johnson*'s holding does not extend to the United States Sentencing Guidelines Manual (the "Guidelines"), the Court will deny Moore's motion to vacate, motion for an evidentiary hearing, and motion to appoint counsel.

On March 28, 2012, Moore pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). (Plea Hr'g Min. Entry, Mar. 28, 2012, Docket No. 23.) As part of the plea agreement, the parties stipulated that Moore was a Career Offender as defined

in § 4B1.1 and § 4B1.2 of the Guidelines,[1] based on three prior convictions: (1) second-degree robbery; (2) domestic assault by strangulation; and (3) fifth-degree assault. Based on the parties' stipulations, the plea agreement stated that application of the Career Offender Guideline would result in a Guidelines range of 151 to 188 months' imprisonment. On August 2, 2012, the Court granted a downward variance and sentenced Moore to 112 months imprisonment. (Sentencing J., Aug. 2, 2012, Docket No. 31.)

On June 23, 2016, Moore filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to § 2255. (Pro Se Mot. to Vacate, June 23, 2016, Docket No. 34.) Moore argues that his stipulation to being classified as a Career Offender under the Guidelines was premised on an understanding at the time that the definition in the

---

[1] All references to the Guidelines are to the version that went into effect on November 1, 2013, and thus was in effect at the time of Moore's sentencing on August 2, 2012. In the applicable Guidelines, the term "Career Offender" requires that "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). In turn, "crime of violence" includes a residual clause (in bold) and is defined as follows:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.

§ 4B1.2(a) (emphasis added).

applicable Guidelines in fact applied to him.  Moore also requests that the Court appoint counsel.

Moore's motion is based on the Supreme Court's intervening decision in *Johnson v. United States*, which invalidated – as unconstitutionally vague – the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), found at 18 U.S.C. § 924(e)(2)(B)(ii).  135 S. Ct. 2551, 2557 (2015); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* established a new rule of substantive law, and thus, it applies retroactively to cases on collateral review).  Moore argues that the residual clause in the definition of "crime of violence" found in § 4B1.2(a), which is similar to the unconstitutional residual clause in the ACCA's definition of "violent felony," is unconstitutionally vague just as the ACCA provision was unconstitutionally vague.  Moore further argues that because the residual clause in § 4B1.2(a)(2) is invalid under *Johnson* and *Welch*, Moore is not a Career Offender, since his convictions for second-degree robbery and fifth-degree assault were only considered crimes of violence by operation of the residual clause.

On August 10, 2016, the Court stayed the government's response to Moore's motion pending the resolution of *Beckles v. United States*, which the Supreme Court decided on March 6, 2017.  137 S. Ct. 886 (2017).  In *Beckles*, the Supreme Court rejected extending the *Johnson* holding to § 4B1.2(a)(2), reasoning that the "Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id.* at 890.  Thus, *Beckles* forecloses any argument that the residual clause in § 4B1.2(a)(2) is

unconstitutionally vague under *Johnson*. Because this is the only argument Moore raises in his § 2255 motion, the Court will deny his motion.

The Court will also deny Moore's request for appointment of counsel. The Court may appoint counsel for a § 2255 motion when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). If the Court conducts an evidentiary hearing and certain other requirements are met, then appointment of counsel is mandatory. *Green v. United States*, 262 F.3d 715, 716 (8th Cir. 2001). However, if an evidentiary hearing is not necessary, appointment of counsel is discretionary. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). Here, no evidentiary hearing is necessary and the interests of justice do not require appointment of counsel because Moore's claim lacks merit for the reasons described above.

Finally, the Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). For purposes of appeal under § 2253, the Court finds that Moore has not shown that reasonable jurists would find the issues raised in the § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Robert Kenneth Moore's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket No. 34] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(2) the issues raised in Moore's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 16, 2017            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                     Chief Judge
                                         United States District Court